UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 18-61825-CIV-COHN/SELTZER
CASE NO. 18-62532-CIV-COHN/SELTZER (consolidated)
CASE NO. 18-62533-CIV-COHN/SELTZER (consolidated)

PLANTATION OPEN MRI, LLC,
a/a/o JORGE HIDALGO on behalf of itself
and all others similarly situated, et al.,

    Plaintiffs,

vs.

INFINITY AUTO INSURANCE COMPANY, et al,

    Defendants.
_____/

## **ORDER GRANTING DEFENDANTS' CONSOLIDATED MOTION TO DISMISS CLASS ACTION COMPLAINT**

**THIS CAUSE** is before the Court upon Defendants Infinity Auto Insurance Company, Infinity Indemnity Insurance Company, and Infinity Assurance Insurance Company's (collectively, "Infinity") Consolidated Motion to Dismiss Class Action Complaint [DE 51] ("Motion").  The Court has considered the Motion, Plaintiff's Response [DE 61], Defendants' Reply [DE 63], and the record in this case, and is otherwise advised in the premises.  For the reasons stated herein, the Court will grant the Motion and dismiss Plaintiff's Class Action Complaints.

**I.**    **Background**

These consolidated cases present solely a straightforward question of contract interpretation.  Infinity argues that its Personal Injury Protection ("PIP") policy covers only 80% of reasonable medical expenses.  Plaintiff, a medical provider and assignee of Infinity's insureds Jorge Hidalgo, Gloria Diaz, and Shawn Thomas, alleges—on behalf

of itself and a state-wide putative class—that Infinity must provide PIP coverage for 100% (not 80% of reasonable medical expenses). Plaintiff's Complaints each assert a single count for breach of contract, seeking monetary damages in the form of purportedly underpaid PIP benefits.

## II.     Legal Standard

Under Federal Rule of Civil Procedure 12(b)(6), a court shall grant a motion to dismiss where, based upon a dispositive issue of law, the factual allegations of the complaint cannot support the asserted cause of action. Glover v. Liggett Grp., Inc., 459 F.3d 1304, 1308 (11th Cir. 2006). Indeed, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). Thus, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570).

Nonetheless, a complaint must be liberally construed, assuming the facts alleged therein as true and drawing all reasonable inferences from those facts in the plaintiff's favor. Twombly, 550 U.S. at 555. A complaint should not be dismissed simply because the court is doubtful that the plaintiff will be able to prove all of the necessary factual allegations. Id. Accordingly, a well-pleaded complaint will survive a motion to dismiss "even if it appears that a recovery is very remote and unlikely." Id. at 556.

## III.    Analysis

The Insuring Agreement at issue, read as a whole, unambiguously covers only 80% of reasonable medical expenses. First, it generally provides that Infinity "will pay, in accordance with the Florida Motor Vehicle No-Fault Law, personal injury protection

benefits to or for the benefit of an insured who sustains bodily injury." DE 1-2 p. 22.

The Insuring Agreement continues, in relevant part:

> Subject to the limits shown on the Personal Injury Protection Benefits Schedule attached to the Declarations Page, personal injury protection benefits consist of the following:
>
> 1.    80% of medical expenses . . .

Id.

> "Medical expenses" are defined in the "Definition" section of the PIP policy as:
>
> . . . reasonable expenses for medically necessary medical, surgical, x-ray, dental, and rehabilitation services, including prosthetic devices and medical necessary ambulance, hospital . . . if the insured receives initial services and care within 14 days after the motor vehicle accident.
>
> (a) Reimbursement for medical expenses shall be limited to and shall not exceed 80% of the schedule of maximum charges set forth in Section 627.736(5)(a)(1) Florida Statutes as follows . . .

Id.

Immediately following the Insuring Agreement and PIP policy Definition section there is a "Limits of Liability" provision which the Court will quote at length given that it forms the crux of Plaintiff's case:

> The total limit of personal injury protection benefits available under the Florida Motor Vehicle No-Fault Law for any one person who sustains bodily injury in any one accident shall be $10,000 for medical expenses, work loss and replacement services and $5,000 for death benefits. This is the most we will pay regardless of the number of covered persons, policies or bonds applicable, vehicles involved or claims made.
>
> Subject to the provision of Limits of Liability – Part B Only, our total limit of liability available for reimbursement for medical expenses is:
>
> 1.    Reimbursement for services and care provided in paragraphs (b),(c),(d) of the definition of medical expenses up to $10,000 if a physician licensed under chapter 458 or chapter 459 . . . or an advanced registered nurse practitioner licensed under chapter 464

3

> has determined that the insured had an emergency medical condition.
>
> 2. Reimbursement for services and care provided in paragraphs (b),(c),(d) of the definition of medical expenses is limited to $2,500 if any provider listed in paragraphs (b),(c),(d) of the definition of medical expenses has determined that the insured did not have an emergency medical condition.
>
> The amount of any deductible stated on the Declarations Page shall be deducted from the total amount of all loss and expense incurred by or on behalf of each person to whom the deductible applies and who sustains bodily injury as the result of any one accident. **If the total amount of such loss and expense exceeds such deductible, the total limit of benefits we are obligated to pay shall then be based on the difference between such deductible amount and the total amount of all loss and expense incurred, subject to the $10,000 limit of benefits.** Such deductible shall not apply to death benefits.

Id. at 24 (emphasis added). According to Plaintiff, the bolded language above creates a "conflicting payment methodology," DE 61 at 19, that "does not limit the reimbursement of Covered Charges that have been accepted as reasonable and reimbursable to 80%." DE 1-2 at 7. Plaintiff contends that the PIP policy must be read to provide what Plaintiff terms "Total Expense Coverage" (100% of medical expenses) because of the bolded language discussing "the total amount all loss and expense incurred." DE 61 at 3. This is clearly wrong.

"Under Florida law,[1] ordinary contract principles apply to the interpretation and construction of insurance contracts, and as with all contracts, the interpretation is a question of law." Diocese of St. Petersburg, Inc. v. Arch Ins. Co., 188 F. Supp. 3d 1289, 1293 (M.D. Fla. 2016). "When the insurance policy language is unambiguous, the contract must be enforced as written." Id. Ambiguities occur when the language "is susceptible to more than one reasonable interpretation." Id. (quoting Travelers Indem.

---

[1] The parties do not dispute that the PIP policy is governed by Florida law.

Co. v. PCR Inc., 889 So.2d 779, 785 (Fla. 2004)).  Importantly, "[i]nsurance contracts should be read as a whole, and each provision should be given its full meaning and operative effect."  Id.

Plaintiff's interpretation of the PIP policy rests on one sentence providing for greater coverage than is provided for anywhere else in the policy.  Again, that sentence reads: "[i]f the total amount of such loss and expense exceeds such deductible, the total limit of benefits we are obligated to pay shall then be based on the difference between such deductible amount and the total amount of all loss and expense incurred, subject to the $10,000 limit of benefits."  This language is clear on its face.  It simply explains how the deductible will be applied (to the "total amount of all loss and expense").  It is also in a section titled "Limits of Liability."  There is no way to reasonably interpret this language as expanding the policy's coverage or creating a "conflicting payment methodology."

Plaintiff relies heavily on Spaid v. Integon Indem. Corp., 143 So. 3d 949 (Fla. 1st DCA 2014).  Plaintiff claims that "this specific issue of a PIP insurer being required to issue payment for 100% of an insured's total expenses per a conflicting Limits of Liability Section was adjudicated in Spaid . . . "  DE 61 at 4.  But Spaid provides no support for Plaintiff's position.  There, an Extended PIP coverage addendum actually provided for coverage of 100% of medical expenses.  See Spaid, 143 So. 3d at 951 ("Under the Extended PIP provision, the percentage of medical expenses covered are increased to 100%.").  That was not the issue.  The issue was whether the Extended PIP coverage was subject to the same $10,000 limit as the insurer's Basic PIP endorsement.  Id. (noting that "[w]hile the insurer argues, and the trial court agreed, that

5

the Extended PIP coverage only allows for a recovery of 100% of medical expenses **until $10,000 is reached**, the endorsement is not so plain.") (emphasis added).  Unlike in Spaid, here, the PIP policy unambiguously provides coverage for only 80% of reasonable medical expenses.[2]

## IV.  Conclusion

For the foregoing reasons, it is hereby **ORDERED AND ADJUDGED** as follows:

1. Defendants' Consolidated Motion to Dismiss Class Action Complaint [DE 51] is **GRANTED**.

2. Plaintiff's Class Action Complaints are **DISMISSED with prejudice**.

3. The Clerk of Court is **DIRECTED** to **CLOSE** this case and **DENY** all other pending motions as moot.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 22nd day of January, 2019.

/s/ James I. Cohn
JAMES I. COHN
United States District Judge

Copies provided to counsel of record via CM/ECF.

---

[2] In its Response, Plaintiff appears to also take issue with how the deductible is applied.  DE 61 at 24-28.  But as Infinity correctly notes, Plaintiff's Complaint alleges no claim involving the propriety of how Infinity applies the deductible.  The Court will therefore not consider this unpled claim improperly raised in opposition to Infinity's Motion to Dismiss.