UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 18-61825-CIV-COHN/SELTZER
CASE NO. 18-62532-CIV-COHN/SELTZER (consolidated)
CASE NO. 18-62533-CIV-COHN/SELTZER (consolidated)

PLANTATION OPEN MRI, LLC,
a/a/o JORGE HIDALGO on behalf of itself
and all others similarly situated, et al.,

    Plaintiffs,

vs.

INFINITY AUTO INSURANCE COMPANY, et al,

    Defendants.

_____/

**ORDER DENYING PLAINTIFF'S MOTION TO ALTER, AMEND, AND/OR GRANT RELIEF FROM JUDGMENT, MOTION FOR JUDGMENT ON THE PLEADINGS AND/OR MOTION FOR SUMMARY JUDGMENT**

**THIS CAUSE** is before the Court upon Plaintiff's Motion to Alter, Amend, and/or Grant Relief from Judgment, Motion for Judgment on the Pleadings and/or Motion for Summary Judgment [DE 73 & 74] ("Motion").[1] The Court has considered the Motion, Defendants' Response [DE 80], and the record in this case, and is otherwise advised in the premises.[2]

As the Court noted in its Order Granting Defendants' Consolidated Motion to Dismiss Class Action Complaint ("Dismissal Order"), "[t]hese consolidated cases present solely a straightforward question of contract interpretation." DE 72. But while the sole

---

[1] DE 73 and DE 74 are substantively identical, but DE 73 apparently pertains only to Case No. 18-62533, notwithstanding the Court's consolidation order directing that the three class actions pending as Case Nos. 18-61825, 18-62532, and 18-62533 are consolidated under "the lower-numbered action for all purposes." DE 46.

[2] Plaintiff has failed to file a Reply and the time has passed for it to do so.

substantive issue in this case is straightforward, the manner in which it has been litigated by Plaintiff's counsel is anything but (as evidenced by even a cursory review of the docket). That trend continues with the instant Motion, in which Plaintiff simultaneously seeks post-judgment relief based on an unpled claim involving how Defendants apply the deductible and judgment on the pleadings or summary judgment based on this unpled claim.[3]

At the outset, the Court must first determine its jurisdiction to even consider the Motion given that Plaintiff has already appealed the Dismissal Order. See DE 87. With respect to Plaintiff's request for post-judgment relief, the Court concludes that it does have jurisdiction to entertain the request. See, e.g., Williams v. Pettiford, 238 Fed. Appx. 459, 461 (11th Cir. 2007) ("A premature notice of appeal does not divest the district court of jurisdiction to rule upon a timely-filed Rule 59(e) motion.").[4] But the Court lacks jurisdiction to entertain Plaintiff's request for judgment on the pleadings or summary judgment. See, e.g., Griggs v. Provident Consumer Disc. Co., 459 U.S. 56, 58 (1982) ("The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal.").[5]

While the Court has jurisdiction to consider Plaintiff's request for post-judgment relief, that request is plainly frivolous. An unpled claim is not a valid basis for post-

---

[3] Plaintiff argued this same issue in response to Defendant's Consolidated Motion to Dismiss, and the Court explained in the Dismissal Order that "Plaintiff's Complaint alleges no claim involving the propriety of how Infinity applies the deductible." DE 72 at 6 n.2.

[4] As Defendants correctly note, the portion of Plaintiff's Motion seeking post-judgment relief is governed by Rule 59(e). See Mahone v. Ray, 326 F.3d 1176, 1178 n.1 (11th Cir. 2003) (confirming the propriety of distinguishing Rule 59(e) motions from Rule 60(b) motions based on whether the motion is filed inside or outside of the Rule 59(b) filing period).

[5] Of course, even if the Court had jurisdiction with respect to this portion of the Motion, Plaintiff is obviously not entitled to judgment on the pleadings or summary judgment on an unpled claim.

judgment relief. Plaintiff first argued the unpled deductible claim in response to Defendant's Consolidated Motion to Dismiss, and in Defendant's reply (filed before the deadline for amending the pleadings), Defendants specifically noted that the claim was unpled. Yet Plaintiff never sought leave to amend to assert this claim. Clearly, Plaintiff's unpled deductible claim cannot form the basis for relief under Rule 59(e). See, e.g., Arthur v. King, 500 F.3d 1335, 1343 (11th Cir. 2007) ("The only grounds for granting [a Rule 59] motion are newly-discovered evidence or manifest errors of law or fact. [A] Rule 59(e) motion [cannot be used] to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment.") (internal citations and quotations omitted). Accordingly, it is

**ORDERED AND ADJUDGED** as follows:

1. Plaintiff's Motion to Alter, Amend, and/or Grant Relief from Judgment, Motion for Judgment on the Pleadings and/or Motion for Summary Judgment [DE 73 & 74] is **DENIED**.

2. Defendants' Motion to Strike Plaintiff's Motions for Judgment on the Pleadings or Motions for Summary Judgment [DE 81] is **DENIED as moot**.

**DONE AND ORDERED** in Chambers in Fort Lauderdale, Broward County, Florida, this 22nd day of February, 2019.

JAMES I. COHN
United States District Judge

Copies provided to counsel of record via CM/ECF.